Filed 3/29/22  P. v. Newton CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>AUSTIN DAVID JACOB NEWTON,<br><br>Defendant and Appellant. | F081825<br><br>(Super. Ct. No. 4003736)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Robert B. Westbrook, Judge.

Francine R. Tone, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Detjen, Acting P. J., Snauffer, J. and De Santos, J.

## STATEMENT OF APPEALABILITY

This appeal is from a judgment that finally disposes of all issues between the parties. (Pen. Code, § 1237;[1] Cal. Rules of Court, rule 8.204(a)(2)(B).)

## STATEMENT OF THE CASE

A.    <u>Case No. CR-20-007715</u>

Pursuant to a complaint filed on August 14, 2020, in case No. CR-20-007715, Newton was charged with felony intimidating a witness with force or fear or threat of force or fear (§ 136.1, subd. (c)(1); count 1) and misdemeanor petty theft (§ 484, subd. (a); count 2).

On September 21, 2020, the parties negotiated a plea wherein Newton pled no contest to one misdemeanor count of dissuading a witness. (§136.1, subd. (a)(1).) Newton was sentenced to 365 days in custody. Newton appealed and was granted a certificate of probable cause. The appeal related to case No. CR-20-007715 has been transferred to the Appellate Division of the Stanislaus County Superior Court per order of this court dated April 14, 2021.

B.    <u>Case No. 4003736</u>

On July 6, 2017, in an older and unrelated case, Newton was charged with felony grand theft. (§ 487, subd. (a).) On October 17, 2017, after a plea, he was sentenced to a two-year term, one year in county jail and one year on mandatory supervision, pursuant to section 1170, subdivision (h).

On February 8, 2018, a petition to revoke mandatory supervision was filed. The court revoked, reinstated, and modified mandatory supervision by imposing an additional 30 days in jail.

On August 2, 2018, a second petition to revoke mandatory supervision was filed. On September 10, 2018, Newton admitted the violation of mandatory supervision and the

---

[1] Subsequent statutory references are to the Penal Code.

previously imposed sentence of two years was ordered to be served in prison with credits of 424 actual days plus 206 days of good time/work credits. Subsequently, a new abstract of judgment was filed, which included three additional cases (none of which are part of this appeal), for a total term of three years four months in state prison

Newton was released from prison and on August 1, 2019, a petition to revoke post release community supervision was filed. The post release community supervision was revoked, reinstated, and modified to include 60 days in jail.

On May 7, 2020, a second petition to revoke post release community supervision was filed. On September 21, 2020, a hearing was held in conjunction with case No. CR-20-007715 and other cases. Pursuant to a negotiated plea, the court revoked the post release community supervision in case No. 4003736, Newton admitted the violation, the court reinstated and modified the post release supervision and ordered Newton to serve 90 days in jail consecutive to the sentencing in case No. CR-20-007715. Newton appeals from this case.

C.     Discussion Before Resolution

On September 21, 2020, a hearing was set in case No. CR-20-007715. The post release community supervision case (No. 4003736), was not on calendar that day. The court calendar indicated the hearing was a pretrial hearing. The court minutes indicate the matter was set for "pretrial" but the word "pretrial" is scratched out and the word "prelim" was interlineated.

At the September 21, 2020, hearing, Newton asked the court to inform him of all pending cases. The court clerk indicated she had pulled a case ending in 310 and another ending in 736 (No. 4003736). The court determined the case ending in 310 was a new case regarding possession of methamphetamine and no complaint was available. The court determined the case ending in 736 was a pending violation of post release community supervision.

3.

Newton stated he wanted to plead no contest to all charges which included two possessions of drug paraphernalia, one possession of methamphetamine, and one petty theft. The court stated it did not have all cases before it. The district attorney also said a new case for battery was pending for which a court case number was not yet available, but she would resolve that case also, with a dismissal in exchange for restitution.

Discussions were had about offers from the district attorney and a counteroffer from Newton. When no negotiated plea was in sight, Newton stated he would proceed with a preliminary hearing. The district attorney requested that the preliminary hearing trail for 30 days and informed the court that she planned to amend the complaint to add a section 211 robbery charge.

Newton stated he wanted to plead no contest to and be sentenced on the petty theft. The court indicated it could not take that plea bargain because another charge was included.

The parties went off the record and returned with a negotiated plea, as set forth below.

D.    Resolution

1.    Case No. 4003736

Pursuant to the negotiated plea, Newton admitted the post release community supervision violation in case No. 4003736. Pursuant to the terms of the negotiated plea, the court revoked, reinstated, and modified the terms of the post release community supervision and ordered Newton to serve 90 days in jail, consecutive to the sentencing in case No. CR-20-007715. The court then went off the record to take the plea in case No. CR-20-007715.

2.    Case No. CR-20-007715

In case No. CR-20-007715, before a preliminary hearing was conducted, Newton pled no contest to one misdemeanor count of dissuading a witness. (§ 136.1, subd. (a)(1).) In exchange for the plea, the parties agreed that the current charge would

4.

not constitute a violation of probation and no charges would be filed in "P20008246." Newton was sentenced to 365 days in jail. The appeal related to case No. CR-20-007715 has been transferred to the Appellate Division of the Stanislaus County Superior Court per order of this court dated April 14, 2021.

E.     Notice of Appeal

On October 5, 2020, Newton filed a felony notice of appeal in case No. CR-20-007715 without the assistance of counsel. The trial court granted a certificate of probable cause.

On November 20, 2020, Newton timely filed a notice of appeal in case No. 4003736.

F.     Amended Notice of Appeal

After counsel was appointed, counsel learned Newton intended to and desired to appeal from both case Nos. CR-20-007715 and 4003736 and filed an amended notice of appeal on November 20, 2020.

## STATEMENT OF FACTS

This case was resolved without a preliminary hearing or referral to a probation officer for a report. Accordingly, no facts are available except as stated in the petitions for violation of post release community supervision and complaints.

## APPELLATE COURT REVIEW

Newton's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating Newton was advised he could file his own brief with this court. By letter on June 14, 2021, we invited Newton to submit additional briefing. To date, he has not done so.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Newton.

## DISPOSITION

The judgment is affirmed.